**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth L Karlberg, et al., | No. CV-22-00276-TUC-RCC |
| Plaintiffs, | **ORDER** |
| v. | |
| FH Stone Canyon Sales and Construction LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Remand to State Court. (Doc. 7.) This matter has been fully briefed. (Docs. 7, 13, 16.) The Court held oral argument on February 7, 2023. The Court will grant Defendants' Motion to Remand.

**I.   Background**

Plaintiffs Kenneth Karlberg and Lisa Karlberg (Plaintiffs or "Karlbergs") brought suit in Pima County Superior Court against Defendants FH Stone Canyon Sales and Construction, LLC and FH Stone Canyon Construction, LLC (Defendants or "Fairfield Homes") for breach of contract and violation of Arizona's Consumer Fraud Act. (Doc. 1 at 2.) Defendants filed a First Amended Counterclaim in state court in which they alleged several state law claims including defamation, libel per se, conversion, and unjust enrichment. (Doc. 1-3 at 3–4.) Defendants asserted that "Plaintiffs, without permission, consent, or any legal justification, used Defendants' building plans without payment, permission or payment of consideration[,]" underpinning their conversion claim. (*Id.* at 4.) As the basis for their claim of unjust enrichment, Defendants assert "Plaintiffs used

Defendant's building plans, permitting fees, time and overhead in order to bid and construct their new home." (*Id.*) Thus, Defendants seek compensation for the value of the plans, permitting fees, time, and overhead. (Doc. 7 at 6.)

## II. Motion to Remand

On June 21, 2022, Plaintiffs filed a Notice of Removal to the district court "pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 (Federal Question), and [28] U.S.C. § 1367 (Supplemental Jurisdiction)." (Doc. 1 at 1.) Defendants timely filed a Motion to Remand arguing this Court does not have jurisdiction because Defendants did not allege any federal claims in their First Amended Counterclaim. (Doc. 7.) Defendants state that "[n]o claim for copyright infringement has been asserted and none will be asserted by these Defendants because the property at issue, Defendant plans, were never copyrighted." (*Id.* at 3.) They further argue that their counterclaims for conversion and unjust enrichment are not preempted by the Copyright Act because the rights are "not equivalent to any of the exclusive rights within the general scope of copyright . . . ." (*Id.* at 4 (quoting 17 U.S.C. § 301(b)(3)).)

Plaintiffs argue that Defendants' counterclaims for conversion and unjust enrichment are, properly pled, copyright infringement claims under the Federal Copyright Act. (Doc. 13 at 13.) They assert Defendants engaged in artful pleading to purposefully avoid federal jurisdiction on an issue that is preempted by federal law despite the fact that Defendants never registered a copyright for the plans. (*Id.* at 9–22.)

## III. Discussion

At oral argument, the Court offered its opinion that this case does not present a copyright claim. However, the Court also noted that it sees a more glaring threshold issue with this removal that requires remand without further addressing the copyright questions. Specifically, Plaintiffs removed this action pursuant to the general removal statute, 28 U.S.C. § 1441(a), and are not permitted to do so even as a defendant to a counterclaim.

A civil action originally brought in state court, but over which a federal court

would have original jurisdiction, "may be removed *by the defendant or the defendants*, to the district court . . . for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). There was a brief period of time when "'either party' to the suit [had] the privilege of removal." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–05 (1941). This is no longer the law. When Congress revised the removal statute, it omitted the phrase "either party" and replaced it with "by the defendant or the defendants." *Id.* at 106–07. In *Shamrock Oil*, the Supreme Court reasoned that this deliberate revision demonstrated an intent "to narrow the federal jurisdiction on removal." *Id.* at 107. Thus, it concluded that, even where a defendant files a counterclaim, a plaintiff is not a defendant and cannot remove to federal court. *Id.* at 103, 107.

The Supreme Court recently reaffirmed that removal is not proper under § 1441(a) by *any* counterclaim defendant, including original plaintiffs and third-party counterclaim defendants named for the first time in the counterclaim. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748–49 (2019). The Court further explained, "Section 1441(a) . . . does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action. And because the 'civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint, not a party named in a counterclaim." *Id.* at 1748.

///
///
///
///
///
///
///
///

IV.     Conclusion

For the foregoing reasons, the Court finds that removal was improper, and remand is necessary. Accordingly, **IT IS ORDERED** that Defendants' Motion to Remand is **GRANTED**. (Doc. 7.) The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 7th day of February, 2023.

Honorable Raner C. Collins
Senior United States District Judge